UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO BEDOYA RAMIREZ,

Petitioner,

v.

WARDEN, CARLIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-08510-JLT-GSA (HC)

(A-Number 078-323-433)

ORDER

MODIFICATION OF BRIEFING SCHEDULE

Petitioner Mario Bedoya Ramirez ("Petitioner") is a federal immigration detainee proceeding *pro se* and seeking a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On October 19, 2026, the presiding judge issued a minute order directing Respondent to file a response to the petition within 21 days, which when calculated was no later than November 9, 2026, and also allowed Petitioner to file a traverse no later than 7 days after the Respondent filed their brief, which when calculated would have been November 16, 2026. ECF No. 5. Respondent filed a response on November 7, 2026. ECF No. 6. Respondent's proof of service states that a copy of the response was mailed to Petitioner at his address of record. *Id.* at 9.

On November 11, 2026,[1] Petitioner filed a motion in which he alleges that Respondent did

[1] Petitioner's signature on the motion is dated November 11, 2026. ECF No. 7 at 5. The motion was filed on the court's docket November 19, 2026. The court construes the motion as stating Petitioner's information and knowledge as of November 11, 2026, the date he signed his

not timely respond as ordered. ECF No. 7. Petitioner's motion requests an immediate status update regarding his pending Petition; determine if Respondent complied with the October 19th order; if the Respondent has not complied then to issue an order to show cause to Respondent to explain why Respondent has not complied; and finally, to order Petitioner's immediate release from detention upon a determination that his continued detention is unlawful.

The allegation that Respondent did not timely comply with the briefing schedule is facially inaccurate. Petitioner explains that the basis for his allegation is that "[a]ccording to the docket information presently available to Petitioner, the last reported docket activity occurred on October 19, 2026." ECF No. 7 at 2. Petitioner proceeds to request "clarification regarding whether Respondents have filed their response, whether the briefing schedule has been modified, and whether further proceedings have been scheduled." *Id*.

Petitioner appears to have precipitously filed his motion before having received service of the response. The response was timely filed regardless of whether there may have been some minor delay in docketing the response and/or in mail delivery to Petitioner.[2] It appears likely that Petitioner may have received service of the response subsequent to November 11, 2026 (the date Petitioner signed the instant motion). The court will nevertheless order Respondent to serve another copy to ensure receipt by Petitioner.

It also appears that Petitioner, understandably, has not filed a traverse as permitted by the Court's order of October 19, 2026. The Court will therefore allow Petitioner additional time to file a traverse, which is optional, after he receives the Response.

In the interests of expediting the merits consideration of the Petition, the Court will exercise its inherent authority to control its docket and manage its schedule by sua sponte amending the briefing schedule, which the Undersigned is authorized to do as set forth in the

---

motion. *See also Smith v. Smith*, 441 F. App'x 519 (9th Cir. 2011) (according to the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date it was delivered to prison officials for mailing).

[2] The court notes that November 7, 2026 was a Saturday which implies that postal service may have been delayed until Monday November 9, 2026, and moreover November 11, 2026 was the Federal Veterans' Day holiday during which mail service is generally unavailable.

October 19, 2026 minute order. This modification is done: 1) to ensure that Petitioner has received a copy of the response which was docketed at ECF No. 6; and 2) to allow time for Petitioner to file a traverse. *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") (granting authority to set response schedules in habeas proceedings); *Mediterranean Enters., Inc. v. Sangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar.").

In light of the above analysis, Petitioner's remaining requests for relief will be denied. Thus, for the reasons stated above, the Court ORDERS that Petitioner's motion, ECF No. 7, is GRANTED IN PART AND DENIED IN PART, as follows:

1) The schedule set forth in the Court's order of October 19, 2026, ECF No. 5, is modified as follows:

a) No later than **November 25, 2026**, Respondent shall mail a copy of the response docketed at ECF No. 6 to Petitioner at Petitioner's address of record.

b) Petitioner shall have until **December 7, 2026** to file any traverse.

2) All other relief requested in Petitioner's motion, ECF No. 7, is DENIED as moot.

IT IS SO ORDERED.

Dated: **November 22, 2026**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE